Patrick G. Byrne (Nevada Bar No. 7636)
pbyrne@swlaw.com
Erica Stutman (Nevada Bar No. 10794)
estutman@swlaw.com
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone (702) 784-5200

Attorneys for Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRED MESI and ERIC MESI,<br><br>*Plaintiffs*,<br><br>vs.<br><br>WASHINGTON MUTUAL F.A, a Federal Savings Bank; CALIFORNIA RECONVEYANCE COMPANY, a Foreign California Corporation; La SALLE BANK, N.A as Trustee for Wa Mu MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006·AR7 TRUST; WESTERN EXCHANGE SERVICES CORP, a Nevada Corporation, WESTERN TITLE COMPANY, INC. a Nevada Corporation; GENEVA MARTRAKUS, DANITA F. FALLEN, and MESHELLE BAGGERMAN, individually; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a subsidiary of MERSCORP, INC., a Delaware corporation, [MERS]; BANK OF AMERICA CORPORATION, N.A; and DOES 1-25 CORPORATIONS, DOES and ROES 1-25 Individuals, [Partnerships], or anyone claiming any interest to the property described in the action,<br><br>*Defendants*. | Case No. 3:09-cv-00582-HDM-VPC<br><br>**DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO STAY ALL PROCEEDINGS AND FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** |

Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") moves for an Order staying the case and enlarging the time for MERS to answer or otherwise respond to the complaint in this action pending the transfer by the Judicial Panel on Multidistrict Litigation

11088194.1

1  ("Panel") of this "tag along" case to *In re: Mortgage Electronic Registration Systems (MERS)*
2  *Litigation*, MDL No. 2119 ("MDL Case"). The MDL Case is pending in the District of Arizona
3  in order to coordinate litigation involving relief sought against MERS, including relief sought
4  based on the operations and formation of the MERS® System.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I. INTRODUCTION**

7   This case is one of more than 60 cases filed by individual plaintiffs in the District of
8  Nevada naming MERS as a defendant, and seeking relief from MERS based on its operations and
9  formation. Seven class actions have been filed in this and other district courts naming MERS as a
10  defendant and seeking relief on the same basis. Specifically, the overarching theory of liability in
11  all the nearly identical class actions is that members and shareholders of MERS purportedly
12  conspired to establish the MERS System®—an electronic mortgage registration system that
13  tracks beneficial ownership interests in, and servicing rights to, mortgage loans—as a means by
14  which to intentionally hide from plaintiffs the true identity of the actual beneficial owners and,
15  thereby, facilitate purportedly inappropriate mortgage origination practices. Contending that
16  MERS was fraudulently formed for this improper purpose, the class action plaintiffs assert that all
17  deeds of trust in which MERS is listed as the lender's "nominee" are allegedly invalid and,
18  therefore, incapable of being foreclosed upon lawfully.

19   Because the seven class actions all share these core factual issues in common, and because
20  the District of Arizona presided over the first of the seven cases filed, the Judicial Panel on
21  Multidistrict Litigation transferred these cases to the District of Arizona for coordinated and
22  consolidated proceedings and, in its transfer order, stated that any other related actions are
23  potential tag along actions. This case also shares core factual issues in common by challenging
24  the operations and formation of the MERS System®. Accordingly, MERS has notified the Panel
25  that this is a tag along action for the MDL Court. MERS, thus, requests that this Court stay all
26  proceedings pending the Panel's decision to transfer this case to *In re: Mortgage Electronic*
27  *Registration Systems (MERS) Litigation*, MDL No. 2119. Such a stay will conserve judicial and
28

11088194_1

party resources, avoid inconsistent pre-trial rulings, minimize duplicative pre-trial proceedings and unnecessary discovery, and promote the purposes of multidistrict coordination.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On December 7, 2009, the Panel issued a transfer order establishing MDL Proceeding No. 2119, *In re: Mortgage Electronic Registration Systems (MERS) Litigation* to coordinate and consolidate litigation concerning the operations and formation of the MERS System®.  *See* Certified MDL Transfer Order ("Transfer Order"), attached as Exhibit A.  In its Transfer Order, the Panel found that seven class actions—four of which were pending in the District of Nevada—involved "common questions of fact and that centralization under Section 1407 in the District of Arizona will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation."  Transfer Order at 2.

In all of the class actions subject to the Transfer Order, plaintiffs allege that the members and shareholders of MERS conspired to create the MERS® System in order to obscure the true identity of the actual beneficial owner of the mortgage loan and thereby purportedly encourage and facilitate purportedly inappropriate lending origination practices.  According to plaintiffs, MERS was formed for this alleged fraudulent purpose and, therefore, all deeds of trust in which MERS is named as "nominee" or "beneficiary" are invalid and any attempt to foreclose on and sell such properties is prohibited.

The first class action filed was in the District of Arizona against twenty-one defendants. *See Cervantes et al. v. Countrywide Home Loans, Inc. et al.*, Case No. 09-cv-517 (D. Ariz.). Since the Complaint in *Cervantes* was filed, six nearly identical class actions suits have been brought by the same plaintiffs' lawyers—one other suit in the District of Arizona (*Robinson, et al. v. GE Money Bank, et al.*, No. 4:09-cv-227 (filed April 21, 2009)), four in the District of Nevada (*Lopez et al. v. Executive Trustee Servs., LLC, et al.*, No. 3:09-cv-180 (filed April 20, 2009), *Goodwin, et al. v. Executive Trustee Servs., LLC, et al.*, No. 3:09-cv-306 (filed June 9, 2009), *Green, et al. v. Countrywide Home Loans, Inc., et al.* No. 3:09-cv-374 (filed July 10, 2009), and *Dalton, et al. v. CitiMortgage, Inc., et al.*, No. 3:09-cv-535 (filed September 14, 2009)), and one in the Central District of California (*Vargas, et al. v. Countrywide Home Loans, Inc.*, et al., No.

2:09-cv-2309 (filed April 2, 2009)). The complaints in each of these cases include almost identical (and sometimes verbatim) allegations and claims concerning the purported reason why MERS was formed, the alleged invalidity of all MERS deeds of trust and the alleged inability to foreclose on any property involving a MERS deed of trust.

Accordingly, after analyzing the complaints in these matters and hearing argument of various counsel involved in the class action cases, the Panel transferred the class actions to the Honorable James A. Teilborg in the District of Arizona ("MDL Court"), the Judge who presided over *Cervantes*. The Panel also specifically found that:

> "[t]his litigation concerns the MERS system, an electronic mortgage registrations system and clearinghouse that tracks beneficial ownership interests in, and servicing rights to, mortgage loans. Plaintiffs allege, inter alia, that the members and/or shareholders of MERSCORP and its subsidiary MERS conspired to establish the MERS system—an electronic system for registering mortgages—as a means by which to intentionally hide from plaintiffs the true identity of the actual beneficial owners of negotiable promissory notes. All actions arise, in part, from allegations concerning the formation and operation of the MERS system. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (including with respect to class certification), and conserve the resources of the parties, their counsel and the judiciary. All actions possess a common factual core regarding allegations that the various participants in MERS formed a conspiracy to commit fraud and/or that security instruments are unenforceable or foreclosures are inappropriate due to MERS' presence as a party."

*Id*. (emphasis added). It further found that this action, eight other related actions pending in the District of Nevada[1], and "any other related actions are potential tag-along actions." *Id*. at p. 1, n. 3. Accordingly, on November 4, 2009, pursuant to Rule 7.5 of the Panel's Rules of Procedure, MERS provided notice of the pendency of this action to the Panel (D.E. 25).

On January 8, 2010, the Panel issued a Conditional Transfer Order, transferring this action

---

[1] At the time of the Panel's issuance of its Transfer Order, nine actions in the District of Nevada were noticed as tag alongs—those actions were *Neil M. Johnson v. Recontrust Company, et al.*, 3:09-cv-00532-RCJ-VPC (D. Nev.); *Maria Huynh v. First National Bank of Nevada, et al.*, 3:09-cv-00577-RCJ-VPC (D. Nev.); *Fred Mesi, et al. v. Washington Mutual, et al.*, 3:09-cv-00582-VPC (D. Nev.); *Richard F. Lee, et al. v. Sierra Pacific Mortgage Company, Inc., et al.*, 3:09-cv-00590-LRH-RAM (D. Nev.); *Grant Matthew Youngren v. Ownit Mortgage Solutions, Inc., et al.*, 3:09-cv-00595-ECR-VPC (D. Nev.); *Hearne v. Countrywide Home Loans, Inc., et al.*, 3:08-cv-00500-ECR-RAM (D. Nev.); *Stoffels, et al. v. GRP Financial Services Corp.*, et al., 3:08-cv-00468-ECR-GWF (D. Nev.); *Dalby, et al. v. Citimortgage, Inc., et al*., 3:09-cv-00659-RCJ-VPC (D. Nev.); *Burke, et al. v. Litton Loan Servicing, LP, et al*., 3:09-CV-00653-RCJ-VPC (D. Nev.).

under 28 U.S.C. § 1407 to the District of Arizona for the reasons stated in the initial Transfer Order. *See* Conditional Transfer Order (CTO-1) and Simultaneous Separation and Remand of Certain Claims, attached as Exhibit B.

### III.   ARGUMENT

**A.   This Court Has Inherent Discretion to Stay Proceedings.**

Federal district courts have discretion to control their dockets by staying proceedings. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936); *Rohan ex. rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003). Indeed, the power to stay litigation is "incidental to the power inherent in every court to control the disposition of the causes of the docket with economy of time and effort for itself, for counsel, and for litigants." *See Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). When considering a motion to stay proceedings pending a possible transfer to an MDL court, a district court may consider factors such as potential prejudice to the non-moving party, hardship and inequity to the moving party if the action is not stayed, and the interests of judicial economy and efficiency. *See Mangani v. Merck & Company,* No. 2:06-cv-00914, 2006 WL 270459, * 1 (D. Nev. 2006) (citing *Rivers,* 980 F. Supp. at 1360) (same).

Where, as here, the MDL Panel has already decided that centralized coordination is appropriate, and has designated a venue for the coordinated proceedings, a stay is particularly appropriate pending conditional transfer to those proceedings. *See Fitzgerald v. Merck & Company, Inc.*, No. 2:06-cv-1234, 2007 WL 203952, * 1 (D. Nev. 2007) (granting motion to stay proceedings pending transfer to MDL court); *Wyman v. Merck & Company*, *Inc.*, No. 2:06-cv-1329, 2007 WL 203954, *1 (2005) (same).

**B.   This Case Should Be Stayed Pending Transfer to the MDL Court.**

Pending transfer of this case to the District of Arizona, a stay of proceedings is necessary and appropriate to achieve the judicial economies and efficiencies that underlie 28 U.S.C. § 1407. Absent a stay, this Court will be required to devote time supervising pre-trial proceedings and making rulings in a case over which it will likely soon lose jurisdiction and to which substantial

1  judicial resources are being devoted by the Honorable James A. Teilborg, before whom the MDL
2  Case is pending.

3  For example, MERS's response to Plaintiffs' Complaint in this matter is due shortly.
4  MERS intends to respond to the complaint with a Motion to Dismiss under Rule 12(b)(6).  A stay
5  will ensure that this Court will not be burdened with such motions it likely will not have
6  jurisdiction to decide.  Moreover, if this case is not stayed, Rule 26(f) and Rule 16 processes will
7  have to be duplicated if this case were transferred to the MDL Court.  And any efforts on behalf
8  of this Court concerning case management will be duplicated by Judge Teilborg, who has been
9  assigned to handle the consolidated litigation.

10  In addition to the waste of judicial resources inherent in proceeding with this case prior to
11  the likely MDL transfer, MERS would be significantly and unfairly prejudiced by having to
12  duplicate discovery and legal briefing in various jurisdictions, instead of in the single proceeding
13  established for that purpose by the Panel.  *See American Seafood, Inc. v. Magnolia Processing*,
14  No. 92-1030, 1992 WL 102762, at *2 (E.D. Pa. 1992) (granting stay pending disposition of
15  transfer to MDL because "[t]he duplicative motion practice and discovery proceedings
16  demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of a
17  stay"); *Aikins v. Microsoft Corp.*, No. 00-0242, 2000 WL 310391, *1-2 (E.D. La. 2000) (granting
18  motion to stay to avoid "considerable hardship and inequity" to a defendant faced with defending
19  multiple lawsuits in multiple courts).  Plaintiffs in each case before this Court and other federal
20  courts will likely notice the same set of MERS corporate representatives, shareholders, and
21  members for deposition.  Without a stay, the risk exists that MERS will have to produce these
22  witnesses multiple times in different jurisdictions.

23  A stay of this case would also minimize the risk of inconsistent pretrial, evidentiary and
24  substantive legal rulings by allowing pretrial proceedings to proceed in an orderly, coordinated
25  fashion, as directed by the single court selected by the Panel to coordinate these cases.  *See*
26  *Leeson v. Merck & Company, Inc.*, No. S-05-2240, 2006 WL 3230047, * 5 (E.D. Cal. 2006)
27  (staying proceedings until a definitive MDL transfer order is issued in the interest of judicial
28  economy and to further the consistency the MDL proceedings aim to provide).

11088194  1

Finally, any possible prejudice to Plaintiffs is negligible. This action is still in its infancy and discovery has not yet begun. Moreover, while a stay order is in place, Plaintiffs would still have an opportunity to seek emergency relief from this Court should the need arise. A stay pending transfer of this case will thus have little, if any, impact on Plaintiffs' case. And the prejudice to MERS far outstrips any harm plaintiff may claim. *See Arthur-Magna v. Del-Val Fin. Corp.*, No.. 90-4378 1991 WL 13725, *1 (D.N.J. 1991) (noting that even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay). Further, all of the parties will benefit through increased efficiency and coordinated pretrial case management. Indeed, plaintiffs' counsel in the class action cases pending in the MDL Court recognized the benefit of coordinated and consolidated proceedings and agreed to the consolidation and transfer to the MDL Court. As such, any potential delay is outweighed by the potential efficiencies available in a coordinated MDL proceeding. *See Aikins*, 2000 WL 310391, *1 (granting defendant's motion to stay pending transfer to MDL court because slight delay in transfer would not prejudice plaintiffs).

## IV. CONCLUSION

For the foregoing reasons, MERS respectfully requests that the Court enter an order staying all proceedings pending the transfer by the Judicial Panel on Multidistrict Litigation of this tag along case to *In re: Mortgage Electronic Registration Systems (MERS) Litigation*, MDL

///

///

///

11088194_1

No. 2119 and extending the time for MERS to file a motion or answer in response to Plaintiffs' Complaint until twenty days after the Panel's decision should it decide this case will remain in this Court.

**DATED**: January 14, 2010.

SNELL & WILMER L.L.P.

By: /s/ Patrick G. Byrne
Patrick G. Byrne, Esq.
Erica J. Stutman, Esq.
Nevada Bar No. 10794
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV 89169

*Attorneys for Defendant Mortgage Electronic Registration Systems, Inc.*

11088194_1

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2010, I electronically filed the foregoing DEFENDANT MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION TO STAY ALL PROCEEDINGS AND FOR EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT PENDING A DECISION ON TRANSFER BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION using the CM/ECF system which will send a notice of electronic filing to all parties as listed on the Notice of Electronic Filing.

      /s/ Julie von Sites
An Employee of Snell & Wilmer L.L.P.

11088194_1