UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRED MESI and ERIC MESI,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL F.A., et al.,<br><br>Defendants. | 3:09-CV-582 JCM (VPC) |

**ORDER**

Presently before the court is defendant Bank of America's ("BOA") motion to dismiss (Doc. #54). Defendant filed a non-opposition to motion to dismiss (Doc. #61). Plaintiffs filed a notice of intent to withhold response to defendant's motion pending ruling on motion to remand (Doc. #63).

Also before the court is defendants Western Title Company, Inc., Western Exchange Services Corp., Geneva Martakus and Danita F. Fallen's ("Western") motion to dismiss (Doc. #47). Western filed a notice of plaintiffs' failure to oppose defendant Western Title Company's motion to dismiss (Doc. #57).

I.  Defendants' Motions to Dismiss

Plaintiffs Fred and Eric Mesi ("Mesi" or "plaintiffs") filed this lawsuit on August 25, 2009 (Doc. #1). Plaintiffs' claims concern alleged misconduct in the loan and foreclosure process, including allegations that defendants used the registry system, developed by MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc. (collectively "MERS"), to profit from making predatory loans to borrowers and to hide the identity of lenders and investors related to the loan (Doc. #1).

**James C. Mahan**
**U.S. District Judge**

1     The judicial panel on multidistrict litigation ("JPML") consolidated this case (and others) into
2  the *In re Mortgage Electronic Registration Systems, Inc. ("MERS") MDL,* (MDL No. 2119). *See In*
3  *re MERS Litig.,* 659 F.Supp. 2d 1368, 1371 (J.P.M.L. Dec. 7, 2009) (transferring, in part, pretrial
4  proceedings to Judge James Teilborg of the District of Arizona). In its transfer order, the JPML
5  transferred only claims relating to the "formation and operation of MERS," while the remaining
6  claims were remanded to this court. In an order dated March 23, 2010, Judge Teilborg remanded
7  claim 3 (unfair lending practices) and part of claims 1 (declaratory relief), 2 (injunctive relief) and
8  13 (fraud in the inducement).

9     Federal Rule of Civil Procedure ("FRCP") 12(b)(6) requires plaintiffs to allege facts which,
10 if true, would provide adequate grounds for relief. Legal conclusions can only "provide framework,"
11 and "must be supported by actual allegations." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950 (2009).
12 Additionally, under FRCP 8(a), the complaint must "contain a short and plain statement of the claim
13 showing that the pleader is entitled to relief." Therefore, to survive a motion to dismiss, a complaint
14 must contain sufficient factual matter "...to state a claim for relief that is plausible on its face [i.e. -
15 enough factual content to allow the court to draw the reasonable inference that the defendant is liable
16 for the misconduct alleged.]" *Iqbal,* 129 S.Ct. at 1949 (2009).

17    Here, the plaintiffs' complaint begins with allegations concerning the use of MERS to
18 conceal from the plaintiffs the true holder of the promissory note on their property. *See generally*
19 *complaint pp. 1-16.* It further alleges that lenders granted loans to individuals who lacked the
20 financial ability to repay the loan. *Id.* Plaintiffs continue, alleging defendants developed a system
21 whereby they earned profits from deceptive lending practices. *Id.* Finally, the complaint concludes
22 with allegations that defendants have attempted to foreclose upon property without a legal right to
23 do so. *Id.*

24    This court finds plaintiffs fail to allege any facts that would allow this court to award relief
25 for plaintiffs' third claim (unfair lending practices) or thirteenth claim (fraud in the inducement).
26 Notably absent from the complaint are any facts which identify how Bank of America (the successor
27 by merger to LaSalle Bank NA as trustee for WaMu Mortgage), Western Title (the escrow
28

**James C. Mahan**
**U.S. District Judge**

company),Western Exchange (a 10-31 facilitator) or their employees were involved in the origination of plaintiffs loan or what their role was in the alleged predatory lending scheme. Title companies, 10-31 exchange facilitators, and successors by merger do not play a part in the selection of loans, or the decision on which prospective borrowers will be granted such loans. Neither BOA or Western participated in the loan origination, is a servicer of the loan, or owns the loan.

Furthermore, plaintiffs' purported claims for "injunctive relief"(claim 2) and "declaratory relief" (claim 3) are remedies, not causes of action. Plaintiffs have not met their burden under their fraud in the inducement and unfair lending practices claims. Therefore, this court dismisses their petition for declaratory and injunctive relief.

Finally, plaintiffs filed a notice of intent to withhold response to motion to dismiss (Doc.#61), and defendant Bank of America responded (Doc. #64). Responses to defendant's motions to dismiss were due, at the latest, June 25, 2010. Pursuant to Fed. R. Civ. P 6(b)(1)(A), the court may, for good cause, extend the time for a party to respond before the original time to respond expires. Accordingly, if plaintiffs wished to withhold their response pending the resolution of another motion they needed to move the court for an extension of time before their response was due.

II.     Plaintiff's Motion for Leave to Amend

Also before the court is plaintiffs' motion for leave to file first amended complaint (Doc. #52). Defendant BOA filed a timely response. (Doc. #55). To date, plaintiffs have not replied.

After a responsive pleading has been filed, a party may amend its complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A court may deny a motion to amend where amendment would be futile. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

Here, plaintiffs request leave to amend for the sole purpose of remanding their case to state court. Plaintiffs will not succeed in their motion to remand. (See Section III.) Therefore, this court will deny plaintiffs' motion to amend.

First, although plaintiffs carefully crafted the amended complaint so that it invokes only state causes of action on its face, these state law claims are based almost exclusively on violations of

James C. Mahan
U.S. District Judge

- 3 -

1  federal law. For example, plaintiffs state that they no longer allege that defendants violated Fair Debt
2  Collection Practices Act (15 U.S.C. § 1682), but rather NRS § 649.370. (Doc. #36, ex. 1). NRS §
3  649.370 states that the cause of action therein is merely a "violation of any provision of the federal
4  Fair Debt Collection Practices Act." Therefore, federal question jurisdiction is still proper.

5  Second, plaintiffs moved to amend their complaint in the multidistrict litigation for the same
6  reasons stated herein. Plaintiffs were denied the motion to amend in the multidistrict litigation. (Doc.
7  #52). Judge Teilborg, in denying the motion to amend, noted that plaintiffs sought to remand the case
8  for lack of subject matter jurisdiction despite the facts that the compliant contained reference to
9  federal law violations. *Id.*

10  Finally, plaintiffs' attached amended complaint is structured as if filed in the Third Judicial
11  District Court of the state of Nevada. (Doc. #52, ex. 1). Plaintiffs are still in United States District
12  Court for the District of Nevada.

13  III.    Plaintiff's Motion to Remand

14  Plaintiffs also move this court to remand the action to state court. (Doc. #53).  Defendants
15  Bank of America and Mortgage Electronic Registration System filed timely responses. (Doc. # 58,
16  59).  Plaintiffs filed a timely reply. (Doc. #62).

17  Defendant MERS removed the action to this court on federal question grounds.  Under 28
18  U.S.C. Section 1441(b), this court has original jurisdiction over claims that arise under federal law.
19  Furthermore, claims brought under state law "arise under" federal law if the state law claim turns
20  on a substantial question of federal law. *Ultramar America, Ltd. V. Dwell,* 900 F.2d 1412, 1414 (9th
21  Cir. 1990).

22  Here, this court finds that plaintiffs' claims will require a determination of federal disclosure
23  laws under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602, and the Truth in Lending
24  Act, 15 U.S.C. § 1601.  Accordingly, remand of this action to state court is inappropriate.

25  Plaintiff also requested that the case be stayed until the motion to remand is addressed by this
26  court.  In light of the above, this court finds the motion to stay moot.

27
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

Therefore,

IT IS ORDERED, ADJUDGED, AND DECREED that defendant Bank of America, N.A.'s motion to dismiss (Doc. #54) be, and the same hereby is, GRANTED as to the remanded claims.

IT IS FURTHER ORDERED that defendants Western Title Company, Inc., Western Exchange Services Corp., Geneva Martakus and Danita F. Fallen's motion to dismiss (Doc. #47) is GRANTED as to the remanded claims.

IT IS FURTHER ORDERED that plaintiffs' motion for leave to file first amended complaint (Doc. # 52) is DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to remand to the third judicial district, state of Nevada (Doc. #6) and plaintiffs' second motion to remand to the third judicial district, state of Nevada, county of Lyon (Doc. #53) are DENIED.

IT IS FURTHER ORDERED that plaintiffs' motion to stay all federal proceedings until the motion to remand to the third district, state of Nevada is heard and demand for disclosure of indispensable party (Doc. #11) is DENIED as moot.

IT IS FURTHER ORDERED that defendant Mortgage Electronic Registration Systems, Inc.'s motion to stay all proceedings and for extension of time to answer or otherwise respond to the complaint pending a decision on transfer by the judicial panel on multidistrict litigation (Doc. #38) is DENIED as moot.

DATED July 30, 2010.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**