# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FRED MESI and ERIC MESI,

    Plaintiff,

v.

WASHINGTON MUTUAL F.A., et al.,

    Defendants.

3:09-CV-582 JCM (VPC)

**ORDER**

Presently before the court is defendant California Reconveyance Company's motion to expunge lis pendens. (Doc. # 80). Pro se plaintiffs Eric Mesi and Fred Mesi responded (doc. # 81), and California Reconveyance Company filed a reply (doc. # 82). Plaintiffs filed a sur-reply without leave of the court. (Doc. # 83).

**I.      Procedural History**

This case was transferred to multi-district litigation ("MDL") panel at an early stage. (Doc. # 40). On April 28, 2010, the MDL panel issued an order of remand. (Doc. # 43). The MDL panel retained claims 4-12 and part of claims 1, 2, and 13. (*Id.*). The MDL remanded claim 3 and part of claims 1, 2, and 13 back to this court. (*Id.*).

Following the remand, all the following defendants filed a motion to dismiss the remanded claims: Western Exchange Services Corp; Western Title Company, Inc.; Geneva Martrinjus; Meshelle Baggerman; Danita F. Fallen; and, Bank of America Corporation, N.A. (*See* docs. ## 47, 48, and 54). This court granted the motions to dismiss as to the remanded claims. (*See* docs. ## 66 & 69).

**James C. Mahan**
**U.S. District Judge**

1    This court also dismissed with prejudice, via a stipulation, defendants Mortgage Electronic Registration System, Inc., and Merscorp, Inc. (Doc. # 68).

On October 3, 2011, the MDL panel remanded a second wave of claims back to this court. (Doc. # 70). The MDL panel retained claims 1, 4, 7-10, 14, and part of claim 2. (*Id.*) The MDL panel remanded to this court claims 3, 5, 6 and part of claim 2. (*Id.*). Upon remand of the second wave of claims, none of the remaining defendants have sought to dismiss any of the remanded claims.

This court dismissed without prejudice, via a stipulation, defendant California Reconveyance Company. (Doc. # 76). Dismissed defendant California Reconveyance Company filed the instant motion to expunge lis pendens. (Doc. # 80).

**II.    Discussion**

In its motion, California Reconveyance Company moves the court to expunge the lis pendens on the subject property because "this litigation has concluded." (Doc. # 80). That is not accurate. Not all parties and claims in this case have been dismissed. Specifically, in the MDL panel's second remand order it remanded back 5, 6, and whatever may be left of claims 2 and 3. Defendants Western Exchange Services Corp., Western Title Company, Inc., and Bank of American Corporation N.A. remain parties to this litigation. Since plaintiff still has some causes of action against some parties, the court cannot expunge the lis pendens. *See Oniszk-Horovitz v. Saxon Mortg.*, no. 2:11-cv-00243, 2011 WL 6002959, at *3 (D. Nev. Nov. 20, 2011) (expunging lis pendens "because [the entire action] was dismissed" by the court").

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendant California Reconveyance Company's motion to expunge lis pendens (doc. # 80) be, and the same hereby is, DENIED.

DATED March 25, 2013.

_____
UNITED STATES DISTRICT JUDGE