UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRED MESI and ERIC MESI,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON MUTUAL F.A., et al.,<br><br>Defendants. | 3:09-CV-582 JCM (VPC) |

**ORDER**

Presently before the court is defendant LaSalle Bank, N.A.'s ("LaSalle") motion to dismiss. (Doc. # 88). Plaintiffs Fred and Eric Mesi, acting *pro se*, have filed a response (doc. # 92) and defendant has filed a reply (doc. # 94). Plaintiffs have filed a sur-reply without leave of the court. (Doc. # 95).

**I. Background**

Plaintiffs are defaulting borrowers who originally filed suit in Nevada state court against ten separate defendants challenging their standing to foreclose on plaintiffs' property and alleging that defendants engaged in predatory lending. The case was removed to this court on October 1, 2009. (*See* doc. # 1). Notices of related cases and tag-along actions were then filed. The case was subsequently consolidated with four other actions and transferred to the Multidistrict Litigation Panel ("MDL") in the United States District Court for the District of Arizona. Through a series of transfers, remands, stipulations for dismissal, and motions to dismiss, all defendants within this court's jurisdiction have been dismissed except for defendant LaSalle, who now requests to be dismissed from the action.

**James C. Mahan**
**U.S. District Judge**

## II. Discussion

Plaintiffs filed an amended complaint in the MDL court on August 19, 2010, containing eleven causes of action against nine defendants.[1] The MDL court remanded claims three, five, six and a portion of claim two to this court. (*See* docket # 70). The amended complaint does not allege claims three, five, or six against LaSalle. Thus, the only remaining claim within this court's jurisdiction and alleged against LaSalle is the remaining portion of claim two.

A review of the amended complaint demonstrates that the only remaining portion of claim two as it pertains to LaSalle is a request for declaratory relief. Declaratory relief is merely a form of an available remedy. *See, e.g., In re Wal-Mart Wage & Hour Emp't Practices Litig.,* 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007). Declaratory relief, alone, is not an independent claim for relief. *See, e.g., Stock West, Inc. v. Confederated Tribes of Coville Reservations*, 873 F.2d 1221, 1225 (9th Cir. 1989). As plaintiffs have no remaining causes of action against this defendant, they are not entitled to the requested relief.

Although plaintiffs filed both a response in opposition and a sur-reply, they do not appear to actually oppose defendant's motion to dismiss. Plaintiffs' non-opposition itself provides an additional ground for dismissal. *See* LR 7-2 ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."). Rather than including points and authorities in opposition, plaintiffs merely seek an explanation from the court as to "why LaSalle bank's name was recorded onto the property from the start..." and ask that the court "[p]lease help [them] understand how LaSalle bank became an entity in this property." (*See* doc. # 95).

However, because plaintiffs have no remaining causes of action against LaSalle, there is not an existing case or controversy with respect to this particular defendant. Any answer this court could give in response to plaintiffs' request would, therefore, amount to an impermissible advisory

---

[1] An amended complaint supersedes the original, thus the amended complaint filed in the MDL court is the operative complaint here. *See, e.g., Lacey v. Maricopa County,* 649 F.3d 1118, 1138 (9th Cir. 2011)(quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)("The amended complaint supersedes the original, the latter being treated thereafter as nonexistent.")(overruled on other grounds)).

James C. Mahan
U.S. District Judge

- 2 -

opinion.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant LaSalle Bank's motion to dismiss with prejudice (doc. # 88) be, and the same hereby is, GRANTED.

DATED November 15, 2013.

_____
UNITED STATES DISTRICT JUDGE